IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

|  |  |
|---|---|
| STARLA SMITH, as Administrator of the Estate of Dylan Schlieper-Clark, and on behalf of his Next of Kin, ) ) ) ) ) | |
| Plaintiff, ) | Cause No. 23-cv-03137 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| COUNTY OF SANGAMON, et al. ) | |
| ) | |
| Defendants. ) ) | |

## DEFENDANT SUZETT MCCARTY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Suzett McCarty, by and through undersigned, and for her Answer to Plaintiff's First Amended Complaint (Doc. 47), states as follows:

1.      This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint, and therefore denies the same.

2.      This Defendant denies the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3.      This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint, and therefore denies the same.

4. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint, and therefore denies the same.

5. This Defendant denies the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint, and therefore denies the same.

7. This Defendant denies the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

8. This Defendant is without sufficient information as to what CO Christina Wheeler saw or did not see but denies the remainder of the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. This Defendant is without sufficient information as to what CO Christina Wheeler saw or did not see but denies the remainder of the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10. This Defendant denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. This Defendant denies the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint, and therefore denies the same.

13.     This Defendant denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

## Jurisdiction and Venue

14.     This Defendant admits that Plaintiff is bringing such a lawsuit as outlined in Paragraph 14 of Plaintiff's First Amended Complaint.

15.     This Defendant admits the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16.     This Defendant denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint, but admits this Court is the proper venue for this cause of action.

## Parties

17.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint, and therefore denies the same.

18.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint, and therefore denies the same.

19.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint, and therefore denies the same.

20.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint, and therefore denies the same.

21.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint, and therefore denies the same.

22.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint, and therefore denies the same.

23.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint, and therefore denies the same.

24.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint, and therefore denies the same.

25.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint, and therefore denies the same.

26.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint, and therefore denies the same.

27.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint, and therefore denies the same.

28.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint, and therefore denies the same.

29.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint, and therefore denies the same.

30.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint, and therefore denies the same.

31.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint, and therefore denies the same.

32.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint, and therefore denies the same.

33.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint, and therefore denies the same.

34.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint, and therefore denies the same.

35.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint, and therefore denies the same.

36.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint, and therefore denies the same.

37.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint, and therefore denies the same.

38.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint, and therefore denies the same.

39.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint, and therefore denies the same.

40.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint, and therefore denies the same.

41.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint, and therefore denies the same.

42.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint, and therefore denies the same.

43.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint, and therefore denies the same.

44.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint, and therefore denies the same.

45.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint, and therefore denies the same.

46.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint, and therefore denies the same.

47.     This Defendant denies the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint, and therefore denies the same.

49.     This Defendant makes no answer to the statement contained in Paragraph 49 of Plaintiff's First Amended Complaint, as it does not constitute an allegation that requires a response.

50.     This Defendant makes no answer to the statement contained in Paragraph 50 of Plaintiff's First Amended Complaint, as it does not constitute an allegation that requires a response.

51.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint, and therefore denies the same.

52.     This Defendant makes no answer to the statement contained in Paragraph 52 of Plaintiff's First Amended Complaint, as it does not constitute an allegation that requires a response.

53.     This Defendant makes no answer to the statement contained in Paragraph 53 of Plaintiff's First Amended Complaint, as it does not constitute an allegation that requires a response.

## Statement of Claim

54.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint, and therefore denies the same.

55.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint, and therefore denies the same.

56.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint, and therefore denies the same.

57.    This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint, and therefore denies the same.

58.    This Defendant denies the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint.

59.    This Defendant denies the allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint.

60.    This Defendant denies the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint.

61.    This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint, and therefore denies the same.

62.    This Defendant denies the allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint.

63.    This Defendant is without sufficient information as to what CO Fisher observed but denies the remainder of the allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint.

64.    This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint, and therefore denies the same.

65.    This Defendant denies the allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint.

66.     This Defendant denies the allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint.

67.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint, and therefore denies the same.

68.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint, and therefore denies the same.

69.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint, and therefore denies the same.

70.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint, and therefore denies the same.

71.     This Defendant denies the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint.

72.     This Defendant denies the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint.

73.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint, and therefore denies the same.

74.     This Defendant denies the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint.

75.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint, and therefore denies the same.

76.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint, and therefore denies the same.

77.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint, and therefore denies the same.

78.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint, and therefore denies the same.

79.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint, and therefore denies the same.

80.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint, and therefore denies the same.

81.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint, and therefore denies the same.

82. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint, and therefore denies the same.

83. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint, and therefore denies the same.

84. This Defendant denies the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint.

85. This Defendant denies the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint.

86. This Defendant denies the allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint.

87. This Defendant denies the allegations contained in Paragraph 87 of Plaintiff's First Amended Complaint.

88. This Defendant denies the allegations contained in Paragraph 88 of Plaintiff's First Amended Complaint.

89. This Defendant denies the allegations contained in Paragraph 89 of Plaintiff's First Amended Complaint.

90. This Defendant denies the allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint as they relate to this Defendant but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint, and therefore denies same.

91.     This Defendant denies the allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint as they relate to this Defendant but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 91 of Plaintiff's First Amended Complaint, and therefore denies same.

92.     This Defendant denies the allegations contained in Paragraph 92 of Plaintiff's First Amended Complaint.

93.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint, and therefore denies the same.

94.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 94 of Plaintiff's First Amended Complaint, and therefore denies the same.

95.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 95 of Plaintiff's First Amended Complaint, and therefore denies the same.

96.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 96 of Plaintiff's First Amended Complaint, and therefore denies the same.

97.     This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 97 of Plaintiff's First Amended Complaint, and therefore denies the same.

98.     This Defendant denies the allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint as they relate to this Defendant but is without

sufficient information to admit or deny the remainder of the allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint, and therefore denies same.

99. This Defendant denies the allegations contained in Paragraph 99 of Plaintiff's First Amended Complaint.

100. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 100 of Plaintiff's First Amended Complaint, and therefore denies the same.

101. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 101 of Plaintiff's First Amended Complaint, and therefore denies the same.

102. This Defendant is without sufficient information or knowledge to admit or deny what Officer Wheeler observed but denies the remainder of the allegations contained in Paragraph 102 of Plaintiff's First Amended Complaint, and therefore denies the same.

103. This Defendant is without sufficient information or knowledge to admit or deny what Officer Wheeler observed but denies the remainder of the allegations contained in Paragraph 103 of Plaintiff's First Amended Complaint, and therefore denies the same.

104. This Defendant is without sufficient information or knowledge to admit or deny what Officer Wheeler observed but denies the remainder of the allegations contained in Paragraph 104 of Plaintiff's First Amended Complaint, and therefore denies the same.

105.    This Defendant is without sufficient information or knowledge to admit or deny what Officer Wheeler observed but denies the remainder of the allegations contained in Paragraph 105 of Plaintiff's First Amended Complaint, and therefore denies the same.

106.    This Defendant denies the allegations contained in Paragraph 106 of Plaintiff's First Amended Complaint.

107.    This Defendant is without sufficient information or knowledge to admit or deny what Officer Wheeler observed or did but denies the remainder of the allegations contained in Paragraph 107 of Plaintiff's First Amended Complaint, and therefore denies the same.

108.    This Defendant denies the allegations contained in Paragraph 108 of Plaintiff's First Amended Complaint that are directed against her but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 108, and therefore denies same.

109.    This Defendant is without sufficient information or knowledge to admit or deny what Officer Wheeler observed but denies the remainder of the allegations contained in Paragraph 109 of Plaintiff's First Amended Complaint, and therefore denies the same.

110.    This Defendant is without sufficient information or knowledge to admit or deny what Officer Wheeler observed but denies the remainder of the allegations, and subparts therein, contained in Paragraph 110 of Plaintiff's First Amended Complaint, and therefore denies the same.

111. This Defendant denies the allegations contained in Paragraph 111 of Plaintiff's First Amended Complaint that are directed against her but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 111, and therefore denies same.

112. This Defendant denies the allegations contained in Paragraph 112 of Plaintiff's First Amended Complaint.

113. This Defendant is without sufficient information or knowledge to admit or deny what Officer Howie observed but denies the remainder of the allegations, and subparts therein, contained in Paragraph 113 of Plaintiff's First Amended Complaint, and therefore denies the same.

114. This Defendant is without sufficient information or knowledge to admit or deny what Officer Wheeler observed but denies the remainder of the allegations, and subparts therein, contained in Paragraph 114 of Plaintiff's First Amended Complaint, and therefore denies the same.

115. This Defendant denies the allegations contained in Paragraph 115 of Plaintiff's First Amended Complaint.

116. This Defendant denies the allegations contained in Paragraph 116 of Plaintiff's First Amended Complaint.

117. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 117 of Plaintiff's First Amended Complaint.

118. This Defendant denies the allegations contained in Paragraph 118 of Plaintiff's First Amended Complaint that are directed against her but is without sufficient

information to admit or deny the remainder of the allegations contained in Paragraph 118, and therefore denies same.

119. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 119 of Plaintiff's First Amended Complaint, and therefore denies the same.

120. This Defendant denies the allegations contained in Paragraph 120 of Plaintiff's First Amended Complaint.

121. This Defendant denies the allegations contained in Paragraph 121 of Plaintiff's First Amended Complaint.

122. This Defendant denies the allegations contained in Paragraph 122 of Plaintiff's First Amended Complaint.

123. This Defendant denies the allegations contained in Paragraph 123 of Plaintiff's First Amended Complaint.

124. This Defendant denies the allegations contained in Paragraph 124 of Plaintiff's First Amended Complaint.

125. This Defendant denies the allegations contained in Paragraph 125 of Plaintiff's First Amended Complaint.

126. This Defendant denies the allegations contained in Paragraph 126 of Plaintiff's First Amended Complaint.

127. This Defendant denies the allegations contained in Paragraph 127 of Plaintiff's First Amended Complaint.

128. This Defendant denies the allegations contained in Paragraph 128 of Plaintiff's First Amended Complaint.

129.    This Defendant denies the allegations contained in Paragraph 129 of Plaintiff's First Amended Complaint.

130.    This Defendant denies the allegations, and subparts therein, contained in Paragraph 121 of Plaintiff's First Amended Complaint.

### Count 1: Claims under 42 USC 1983 (custodian and medical defendants)

131.    This Defendant incorporates her answers to Paragraphs 1-130 as and for her answer to Paragraph 131 of Plaintiff's First Amended Complaint.

132-141.  This Defendant denies the allegations contained in Paragraphs 132-141 of Plaintiff's First Amended Complaint that relate to this Defendant, but makes no answer to the remainder of the allegations contained in Paragraphs 132-141 of Plaintiff's First Amended Compliant.

### Counts 2-11

132-205.  This Defendant makes no answer to the allegations contained in Paragraphs 132-205 of Plaintiff's First Amended Complaint since they are not directed against this Defendant.  However, if it is deemed that such allegations are directed against this Defendant, then this Defendant denies those allegations.

### Count 12

206.    This Defendant incorporates her answers to Paragraphs 1-205 as and for her answer to Paragraph 206 of Plaintiff's First Amended Complaint.

207.    This Defendant makes no answer to Plaintiff's statement in Paragraph 207 of Plaintiff's First Amended Complaint, as it does not constitute an allegation that requires a response.

208.     This Defendant denies the allegations contained in Paragraph 208 of Plaintiff's First Amended Complaint.

209.     This Defendant denies the allegations contained in Paragraph 209 of Plaintiff's First Amended Complaint.

210.     This Defendant denies the allegations, and all subparts therein, contained in Paragraph 208 of Plaintiff's First Amended Complaint.

211.     This Defendant makes no answer to the allegations contained in Paragraph 211, and the subparts therein, of Plaintiff's First Amended Complaint since they are not directed against this Defendant.  However, if it is deemed that such allegations are directed against this Defendant, then this Defendant denies those allegations.

212.     This Defendant denies the allegations contained in Paragraph 212 of Plaintiff's First Amended Complaint.

213.     This Defendant denies the allegations contained in Paragraph 213 of Plaintiff's First Amended Complaint.

## **Count 13**

214.     This Defendant incorporates her answers to Paragraphs 1-213 as and for her answer to Paragraph 214 of Plaintiff's First Amended Complaint.

215.     This Defendant makes no answer to Plaintiff's statement in Paragraph 215 of Plaintiff's First Amended Complaint, as it does not constitute an allegation that requires a response.

216.     This Defendant denies the allegations contained in Paragraph 216 of Plaintiff's First Amended Complaint.

217.     This Defendant denies the allegations contained in Paragraph 217 of Plaintiff's First Amended Complaint.

218.     This Defendant denies the allegations, and all subparts therein, contained in Paragraph 218 of Plaintiff's First Amended Complaint.

219.     This Defendant makes no answer to the allegations contained in Paragraph 219, and the subparts therein, of Plaintiff's First Amended Complaint since they are not directed against this Defendant.  However, if it is deemed that such allegations are directed against this Defendant, then this Defendant denies those allegations.

220.     This Defendant denies the allegations contained in Paragraph 220 of Plaintiff's First Amended Complaint.

221.     This Defendant denies the allegations contained in Paragraph 221 of Plaintiff's First Amended Complaint.

## Count 14

222.     This Defendant incorporates her answers to Paragraphs 1-221 as and for her answer to Paragraph 222 of Plaintiff's First Amended Complaint.

223.     This Defendant denies the allegations contained in Paragraph 223 of Plaintiff's First Amended Complaint.

## Damages

This Defendant denies that Plaintiff sustained any damages as alleged.

## Prayer for Relief

This Defendant denies that Plaintiff is entitled to the Prayers for Relief alleged.

## **AFFIRMATIVE DEFENSES**

COMES NOW Defendant Suzett McCarthy, states as follows:

1.      This Defendant states that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2.      This Defendant states that maintenance of this cause of action violates this Defendant's right to due process.

3.      This Defendant states that the plaintiff's decedent's own negligence and non-compliance contributed to the injuries alleged.

4.      This Defendant states that Plaintiff's First Amended Complaint is frivolous within the meaning of 28 U.S.C. Section 1915(d) as Plaintiff has no reasonable likelihood of success on the merits.

5.      This Defendant states that she is protected from liability and suit under the doctrines of qualified, absolute, judicial, and official immunity.  At the time and place alleged, the law was not clearly established such that this Defendant was on notice that her conduct was unlawful.  This Defendant acknowledges that the 7th Circuit held in *Petties v. Carter*, 836 F.3d 722, 734 (7th Cir. 2016) that medical contractors are not entitled to assert qualified immunity but include the defense as the Supreme Court has not definitively ruled on that issue.  In the alternative, this Defendant asserts that she is entitled to good faith immunity.  *See Richardson v. McKnight*, 521 U.S. 399, 401, 413-14 (1997).

6.      This Defendant did not violate the United States Constitution or any statutory right.

7.     Plaintiff's damages and/or injuries, if any, were the result of and proximately caused by plaintiff's decedent's own negligence, fault, conduct and behavior, and/or the acts and/or negligence, fault, conduct and behavior of one or more persons or entities over whom defendant has no control or right to control, and whose fault should be compared and any damages should be reduced or apportioned thereby in accordance with the comparative fault laws of the State of Illinois.735 ILCS 5/2-1116.

8.     Pleading hypothetically and in the alternative, this Defendant states that the sole and proximate cause of Plaintiff's or Plaintiff's decedent's alleged injuries and damages, if any, were the intervening acts or omissions of persons or entities other than this Defendant over whom this Defendant has no control.

9.     This Defendant states that in the event Plaintiff is entitled to, or is awarded any damages, Plaintiff is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. Section 1997(e)e.

10.     Plaintiff's Amended Complaint violates the applicable statute of limitations.

11.     Plaintiff failed to state a claim for exemplary damages against this Defendant because Plaintiff has not pled facts that demonstrate by clear and convincing evidence that this Defendant engaged in outrageous conduct based upon an evil motive or reckless indifference to the rights of others.

12.     Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of the State of Illinois, including, but not limited to, the following grounds:

(a)     The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, because the standards employed for awarding and assessing such damages are unconstitutionally vague;

(b)     The submission and recovery of punitive damages by Plaintiff in this case is barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States because there are no realistic standards or limits imposed upon the amount and no required relationship between the actual damage sustained and the amount of punitive damages which may be awarded;

(c)     The submission and recovery of punitive damages by Plaintiff in this case are barred by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States because the vague standards employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct;

(d)     The submission and recovery of punitive damages by Plaintiff in her case are barred by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, since the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards to protect

Defendant's rights against self-incrimination, the right to proof beyond a reasonable doubt and the right to freedom from unreasonable searches and seizures;

(e)     The submission and recovery of punitive damages by Plaintiff in this case are barred by the Eighth Amendment of the Constitution of the United States, because an award of punitive damages would constitute an excessive fine in that under applicable law;

(f)     The award of punitive damages to Plaintiff in this action would constitute a deprivation of this Defendant's property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

(g)     The submission and recovery of punitive damages in this case is barred by the due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the Unites States, because Plaintiff's claims for punitive damages serve no compensatory function and is not necessary to vindicate the public interest to deter such conduct, or to punish this Defendant and deter conduct in the future.

(h)     To the extent applicable and to the extent this Defendant is being sued for tort claims under state law, punitive damages are prohibited and/or barred.

(i)     To the extent applicable and the extent this Defendant is being sued in a representative or official capacity under color of state

law, Plaintiff is not entitled to any punitive damage award against them because such damages may not be awarded against them in a claim under 42 U.S.C. Section 1983 pursuant to <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981) and its progeny.

19.     Should it be determined that Plaintiff is entitled to seek punitive damages against this Defendant at trial, this Defendant demands a bifurcated trial.

20.     Plaintiff's First Amended Complaint must be dismissed since plaintiff failed to file the required healthcare affidavits.

21.     To the extent that Plaintiff's First Amended Complaint references emotional distress, her federal claims are barred by the Prison Litigation Reform Act. Section 1997e(e) of the PLRA does not permit recovery for custodian mental or emotional damages "without a prior showing of physical injury". *Zehner v. Trigg*, 133 F.3d 459 at 461 (7th Cir. 1997). The PLRA provides in relevant part that a "prisoner confined in a jail, prison or other correctional facility" may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury". 42 U.S.C. Section 1997e(e) (2006).

22.     In the event a verdict is rendered for the Plaintiff and against this Defendant, pursuant to the Joint Tortfeasor Contribution Act (740 ILCS 100/2c), this Defendant is entitled to an offset of any settlement amounts received by the Plaintiff for the damages alleged in the First Amended Complaint.

23.     This Defendant adopts and asserts any defenses raised or asserted by any other Defendant through this action.

24.     Without waiving its denial of liability, this Defendant states that if the trier of fact determines that this Defendant is at fault in part for the damages claimed by Plaintiff, but said fault is assessed at less than twenty-five (25%) percent of the total fault attributable to the Plaintiff, the Defendants sued by Plaintiff, and any Third-Party Defendant who could have been sued by the Plaintiff, that this Defendant shall be severally liable only for that proportion of the recoverable economic and non-economic damages, if any, that the amount of this Defendant's fault, if any, bears to the aggregate amount of fault of all other tortfeasors, pursuant to 735 ILCS 5/2-1117.

25.     This Defendant reserves the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

### Demand for Trial by Jury

Pursuant to Federal Rules of Civil Procedure 38 and 81(c) and Local Rule 2.04, this Defendant demands a jury trial on all claims and issues asserted in this action.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant Suzett McCarty requests this Court dismiss Plaintiff's First Amended Complaint at Plaintiff's own costs.

/s/ J. Thaddeus Eckenrode
J. Thaddeus Eckenrode, IL Bar # 6196418
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Suzett McCarty*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's electronic filing system and electronic mail on this 13th day of October, 2023 to the following:

**Thomas R. Applewhite**
906 Olive Street, Ste. 1110
St. Louis, MO 63101
*Attorney for Plaintiff*

**Dylan P. Grady**
Brown, Hay & Stephens, LLP
205 S. 5th Street, Ste. 1000
P.O. Box 2459
Springfield, IL 62705-2459
*Attorney for Sangamon County Defendants*

**Peter Jennetten**
**James VanRheeden**
Quinn Johnston
227 N.E. Jefferson Ave.
Peoria, IL 61602-1211
*Attorney for Defendants ACH and Jessica Young*

**Nicholas Correll**
**Steven Rahn**
City of Springfield
800 Monroe Street
Room 313 Municipal Center East
Springfield, IL 62701
*Attorneys for Defendants Clifford Buscher*
*and Jacob Wayda*

*/s/ Joan Monninger*