UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STARLA SMITH, as Administrator of the Estate of Dylan Schlieper-Clark and on Behalf of his Next of Kin </br></br> Plaintiff, </br></br> v. </br></br> COUNTY OF SANGAMON, *et al.*, </br></br> Defendants. | No.:  23-3137-CSB-EIL |

# ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants Sangamon County, Christina Wheeler, Corey Hillen, Thomas Files, Tony Stoutamyer, Jennifer Ealey, Jarred Kirby, Vivian Brown, Britney Hicks, Todd Krueger, Chris Unthank, Colleen Kerouac, Jack Miller, Tracy Bergae, Brad Meyer, Dave Fisher, Tom Ansell, Tammy Powell, Jack Campbell, Anthony Mayfield, Larry Beck, William Smith, and Earl Grigsby's ("the Sangamon County Defendants") motion to dismiss.

On April 12, 2023, Plaintiff Starla Smith, as Administrator of the Estate of Dylan Schlieper-Clark (deceased) and on behalf of his next of kin, filed this case under 42 U.S.C. § 1983 alleging that the named Defendants violated the Decedent's Constitutional rights and his rights under Illinois law. On July 24, 2023, Plaintiff filed an Amended Complaint.

1

The Sangamon Count Defendants have now moved the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendants Hillen, Files, Stoutamyer, Ealey, Brown, Krueger, Miller, Meyer, and Ansell from this lawsuit and to dismiss Counts II and III from this lawsuit because (according to them) Plaintiff's Amended Complaint fails to state a claim against them and on those Counts upon which relief can be granted. The Sangamon County Defendants tender three arguments in support of their motion to dismiss which the Court will address *seriatim*.

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the facts as set forth in the complaint along with all reasonable inferences. *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 995 (7th Cir. 2014). To survive a Rule 12(b)(6) motion, the plaintiff's claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Furthermore, the factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 555). Nevertheless, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly,* 550 U.S. at 555).

## PERSONAL INVOLVEMENT

Defendants Hillen, Files, Stoutamyer, Ealey, Brown, Krueger, Miller, Meyer, and Ansell move the Court to dismiss them as party Defendants because Plaintiff has failed to allege any facts with which to show that they were personally involved in the alleged deprivation of the Decedent's Constitutional rights. These Defendants argue that Plaintiff's Amended Complaint does not sufficiently inform them of what they did or did not do that violated the Decedent's Constitutional rights. As a result, these Defendants argue that Plaintiff has failed to satisfy Federal Rule 8's pleading requirements, and therefore, the Court should dismiss them from this case.

The Court agrees with Defendants Hillen, Files, Stoutamyer, Ealey, Brown, Krueger, Miller, Meyer, and Ansell that, in order to be held liable under 42 U.S.C. § 1983, they must have been personally involved in the alleged deprivation of the Decedent's Constitutional rights. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)).

The United States Court of Appeals for the Seventh Circuit has explained that the doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and

3

the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011)(quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

The Court does not agree, however, that Plaintiff's Amended Complaint fails to allege facts demonstrating their alleged involvement in the denial or deprivation of the Decedent's Constitutional rights. In the Amended Complaint, Plaintiff alleges that each of these Defendants was working at the Sangamon County Jail when the Decedent was detained at the Jail and continuing until the Decedent died. D/E 46 at ¶¶ 24-38. Plaintiff further alleges that each of these Defendants personally observed the Decedent in medical distress but failed to contact medical staff or to intervene on the Decedent's behalf. *Id*. at ¶ 77; ¶ 106; ¶¶ 120-125; and ¶ 130. Plaintiff alleges that each of these Defendants knew or should have known that the Decedent was having an obvious medical emergency but did nothing to assist the Decedent. *Id*. ¶¶ 120-125 As a result of these Defendants' failure to act, Plaintiff claims that the Decedent died. *Id*. at ¶¶ 129 & 130.

4

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)(citing *Kingsley*, 576 U.S. 389 (2015)("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" (citations omitted)); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)("For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.")).

In evaluating a detainee's medical care claim, "[t]he first step . . . 'asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case.'" *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018)(quoting *Miranda*, 900 F.3d at 353). The second step asks, "whether the challenged conduct was objectively reasonable." *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*; *Huertas v. Milwaukee County Common Counsel*, 2020 WL 819273, * 4 (E.D. Wis. Feb. 19, 2020).

In particular, the denial of medical care for an objectively serious medical condition violates a pretrial detainee's due process rights if it is "objectively unreasonable" in the totality of the facts and circumstances, and if jail personnel act "purposefully, knowingly, or perhaps even recklessly when they consider[ ] the consequences of their handling of [the detainee's] case." *Miranda*, 900 F.3d at 353-54. The required mental state is more than mere negligence but "less than subjective

5

intent—something akin to reckless disregard" for the detainee's serious medical needs. *Id.* (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). A medical professional may show this level of reckless disregard for a serious health risk without "literally ignor[ing]" the detainee. *Sherrod v. Lingle*, 223 F.3d 605, 611-12 (7th Cir. 2000) (explaining, in Eighth Amendment context, that a prison official may exhibit "disregard of a serious risk" if, for example, "a patient faces a serious risk of appendicitis, [and] the prison official gives the patient an aspirin and an enema and sends him back to his cell"). The detainee can prove that the medical professional had the requisite mental state by proving that he received treatment "'so inadequate that . . . no minimally competent professional would have so responded under those circumstances.'" *McWilliams v. Cook County*, 2018 WL 3970145, * 9-10 (N.D. Ill. Aug. 20, 2018)(quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)).

"Put another way, the treatment must have been 'so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.'" *McWilliams*, 2018 WL 3970145, at *10 (quoting *Norfleet v. Webster*, 439 F.3d 392, 395-96 (7th Cir. 2006)). "If a 'need for specialized expertise either was known by the treating physicians or would have been obvious to a lay person, then the obdurate refusal to engage specialists permits an inference that a medical provider was deliberately indifferent to the inmate's condition.'" *McWilliams*, 2018 WL 3970145, at * 10 (quoting *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014)(internal quotation marks omitted)); *Smith v. Kapotas*, 2020 WL 553619, * 3–4 (N.D. Ill. Feb. 4, 2020).

6

Here, Plaintiff has satisfied her pleading requirements under Federal Rule 8 with regard to Defendants Hillen, Files, Stoutamyer, Ealey, Brown, Krueger, Miller, Meyer, and Ansell. The purpose of Federal Rule 8's pleading requirements is to "put the defendant on notice as to the nature of the claim against him and the relief sought." *Heartland Consumer Prods., LLC v. DineEquity, Inc.*, 2018 WL 465784, * 4 (S.D. Ind. Jan. 18, 2018) (quoting *Twombly*, 550 U.S. at 574)). "For a claim to be plausible and to meet the notice requirements of Rule 8, the complaint must explain each defendant's alleged wrongful actions." *Id.* (citing *Bank of AM., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("The Rules of Civil Procedure set up a system of notice pleadings. Each defendant is entitled to know what he or she did that is asserted to be wrongful.").

Essentially, Plaintiff has alleged that these Defendants were present, saw the Decedent's obvious need for medical attention, ignored the Decedent's obvious need for medical attention, and then, the Decedent died. Federal Rule 8's requirements are not onerous, and Plaintiff has satisfied her pleading obligations with respect to these Defendants. *Atwater v. McLean County Orthopedics, Ltd.*, 2016 WL 7408816, * 3 (C.D. Ill. Dec. 22, 2016)(quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)("Rule 8(a)'s requirement for specificity in pleading, namely that a plaintiff provide 'a short and plain statement of the claim showing that [he] is entitled to relief,' is not onerous . . . ."). If any or all of these Defendants were not present or did not witness the Decedent in obvious need of medical attention, they may easily file a motion for summary judgment in which they attest by affidavit or deposition these facts. But the Court cannot dismiss them under Rule 12(b)(6), and their motion is denied.

## COUNT II

Similarly, Defendants Sheriff Campbell, Chief Mayfield, and Jail Superintendent Beck move to dismiss Count II against them. Defendants Sheriff Campbell, Chief Mayfield, and Jail Superintendent Beck argue that it is not entirely clear the basis for Plaintiff's claim as set forth in Count II. To the extent that Plaintiff is alleging a *respondeat superior* claim, these Defendants argue that such a claim is foreclosed.[1] To the extent that Plaintiff is asserting another *Monell* claim against them in their official capacities, such a claim is also foreclosed.[2] To the extent that they are being sued in their personal capacities, these Defendants argue, similar the argument raised *supra*, that Plaintiff has failed to allege facts demonstrating that they were personally involved in denying or depriving the Decedent of his Constitutional rights. Therefore, they asks the Court to dismiss Count II.

In response, Plaintiff argues that Count II is designed to assert a § 1983 claim against Defendants Sheriff Campbell, Chief Mayfield, and Jail Superintendent Beck in their individual capacities. Plaintiff further argues that she has sufficiently pled facts demonstrating that these Defendants were personally involved in depriving the Decedent's Constitutional rights. Therefore, Plaintiff asks the Court to deny Defendant Sheriff Campbell, Chief Mayfield, and Jail Superintendent Beck's motion to dismiss Count II of the Amended Complaint.

---

[1] These Defendants are correct in this argument. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

[2] These Defendants are correct in this argument. *Plumtree v. City of Naperville*, 2023 WL 5388979, * 6 (N.D. Ill. Aug. 22, 2023).

However, Plaintiff's Amended Complaint does not contain the allegations that she claims that it does in her response to Defendants Sheriff Campbell, Chief Mayfield, and Jail Superintendent Beck's motion to dismiss. On the contrary, a review of the paragraphs that comprise Count II of the Amended Complaint speak in generalities, not in specifics. For example, paragraph 146 of the Amended Complaint alleges that these Defendants were generally aware and disregarded the threats to detainees at the Jail. Similarly, paragraph 147 alleges that theses Defendants were aware that some of the Jail's detainees suffered from severe medical needs and were at risk of injury and/or death. Plaintiff claims that these Defendants knew of these threats to the Jail's detainees' safety but did nothing to rectify the situation.

But neither Count II nor any of the other paragraphs in the Amended Complaint contain any factual allegation(s) that Defendants Sheriff Campbell, Chief Mayfield, and Jail Superintendent Beck were specifically aware of the *Decedent's* need for medical assistance but did nothing. Unless these Defendants knew that the Decedent needed medical help, as opposed to a Jail detainee's generalized need for medical care, they cannot be said to have the personal involvement necessary to be held liable under § 1983. *Minix*, 597 F.3d at 833. Therefore, the Court dismisses Count II without prejudice.

### COUNT III—*Monell* Claim

Finally, Defendant Sheriff Campbell argues that the Court should dismiss Count III of Plaintiff's Amended Complaint against him because the Count fails to state a claim against it pursuant to the United States Supreme Court's holding in n *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978). Sheriff Campbell claims that Plaintiff has offered nothing more than conclusory allegations in support of

the assertion that he maintained an unconstitutional policy at the Jail that resulted in the Decedent's death, *i.e.*, a violation of his Fourteenth Amendment Due Process rights.³ Moreover, Sheriff Campbell asserts that Plaintiff must allege more than one incident to show that he maintained a widespread unconstitutional custom or policy that would subject him to liability under *Monell*. Sheriff Campbell claims that Plaintiff has only alleged the Decedent's death as evidence of *Monell* liability, which is insufficient. Accordingly, Sheriff Campbell argues that Plaintiff's Amended Complaint fails to state a *Monell* claim against him, and the Court should, as a result, dismiss Count III of the Amended Complaint.

Plaintiff, obviously, disagrees with Sheriff Campbell's assessment of the Amended Complaint. Plaintiff argues that she has pled extensive factual allegations, which are sufficient for her to state a *Monell* claim against Sheriff Campbell. Plaintiff points to several paragraphs in the Amended Complaint to show that she has stated a proper *Monell* claim. Specifically, Plaintiff points to her allegations regarding Sheriff Campbell's failure to ensure proper training, proper supervision, and proper discipline to address serious medical conditions related to detainees who have MRSA/meningitis. Accordingly, Plaintiff asks the Court to deny Sheriff Campbell's motion to dismiss Count III of the Amended Complaint.

---

³ Decedent was a pretrial detainee at the time of his death, and therefore, his claim arise, if at all, under the Fourteenth Amendment's Due Process clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015).

In Count III of her Amended Complaint, Plaintiff has sued Sheriff Campbell in his official capacity, seeking to impose liability on him under *Monell*. *See Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)("The liability of the Sheriff's Department and of the County is derivative of Thompson's official-capacity liability, and the official-capacity liability is subject to holding in *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978), that 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'"). The critical question under *Monell* is whether a policy or custom caused the harm as opposed to whether the harm simply resulted from one of the municipality's agents, or here, Sheriff Campbell's deputies or staff. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017); *First Midwest Bank Guardian of Estate of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021)("[T]o prevail on a § 1983 claim against a [corporation] under *Monell*, a plaintiff must challenge conduct that is properly attributable to the municipality itself.").

To state a *Monell* claim, a plaintiff must three things. *First*, he must show a deprivation of a federal right traceable to some corporate action. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). At least three types of corporate action can support corporate liability: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the Constitutional injury was caused by a person with final policymaking authority. *First Midwest Bank*, 988 F.3d at 986. Second, the plaintiff must show that the policy or custom demonstrates corporate fault, *i.e.*, deliberate indifference. *Dean*, 18 F.4th at 235. Finally, the plaintiff must show

the policy or custom caused the violation of his Constitutional rights. *Id.* "To satisfy the standard, [the plaintiff] must show a direct causal link between the challenged municipal action and the violation of his constitutional rights." *First Midwest Bank*, 988 F.3d at 987. These three requirements must be "scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022).

The Court agrees with Sheriff Campbell that Plaintiff has failed to state a *Monell* claim upon which relief can be granted against him as alleged in Count III of the Amended Complaint. Upon review, the paragraphs to which Plaintiff points the Court's attention do not allege an unconstitutional policy as required by *Monell*. Instead, these paragraphs only generally allege that Sheriff Campbell failed to ensure proper training, supervision, and discipline of his staff, and as a result, an unconstitutional *de facto* policy exists.

However, an allegation, without more, that Sheriff Campbell failed to train or failed to supervise his staff or the deputies and employees under his charge is generally insufficient to maintain a *Monell* claim. *E.g.*, *Carmona v. City of Chicago*, 2018 WL 306664, * 3 (N.D. Ill. Jan. 5, 2018)("Plaintiff cannot merely generally allege that the City broadly had a policy that led to officer misconduct—he must allege some factual details about the nature of the policy and how that policy led to his alleged constitutional deprivation."); *Harris v. Kruger*, 2015 WL 300497, * 5 (N.D. Ill. Jan. 22, 2015)(dismissing failure to train and discipline *Monell* claim where the plaintiff failed to "allege what is the policy or practice," and alleged "only that the policy results in misconduct"); *Hardy v. Wexford Health Sources, Inc.*, 2015 WL 1593597, * 14 (N.D. Ill. Apr. 2, 2015)("Absent

allegations of what training [ ] was lacking and how that deficiency impacted [plaintiff's] health or that of his fellow inmates, [plaintiff] has failed to state a claim for deliberate indifference due to a failure to train"); *Maglaya v. Kumiga*, 2015 WL 4624884, * 5 (N.D. Ill. Aug. 3, 2015)("Plaintiffs also fail to plead how this alleged failure to train officers was the moving force behind Plaintiffs' constitutional harm."). Plaintiff has alleged little more than a simple contention that Sheriff Campbell failed to train or supervise his employees, and the Court is persuaded by the authority cited herein and agrees that Plaintiff's general allegations of a policy, practice, or procedures as alleged in the Amended Complaint regarding a failure to train or supervise are insufficient to proceed on her *Monell* claim against Sheriff Campbell. Therefore, the Court finds that Plaintiff's Amended Complaint fails to state a *Monell* claim against Sheriff Campbell upon which relief can be granted, and Count III of the Amended Complaint is dismissed without prejudice.

     Finally, in her response, Plaintiff asks the Court for leave to file a Second Amended Complaint in the event that the Court agreed with the Sangamon County Defendants and in the event that the Court dismissed some or all of her claims based upon their motion to dismiss. The Court notes that, pursuant to the Parties discovery plan that United States Magistrate Judge Eric I. Long adopted, the date by which the Parties had to file amended pleadings has passed.

     Therefore, the Court takes no position at this time, on whether Plaintiff may file a Second Amended Complaint. Instead, if she wants to file a Second Amended Complaint, Plaintiff should file a motion seeking leave to do so under Federal Rule 15 or Federal Rule 16, and she should attach her proposed Second Amended Complaint to

her motion for leave to file. At that point, Defendants may file a response, and the Court can evaluate whether to allow Plaintiff to file a Second Amended Complaint.

**IT IS, THEREFORE, ORDERED:**

1. Defendants Sangamon County, Christina Wheeler, Corey Hillen, Thomas Files, Tony Stoutamyer, Jennifer Ealey, Jarred Kirby, Vivian Brown, Britney Hicks, Todd Krueger, Chris Unthank, Colleen Kerouac, Jack Miller, Tracy Bergae, Brad Meyer, Dave Fisher, Tom Ansell, Tammy Powell, Jack Campbell, Anthony Mayfield, Larry Beck, William Smith, and Earl Grigsby's motion to dismiss [55] is **GRANTED, IN PART, AND DENIED, IN PART.**

2. The Sangamon County Defendants' motion to dismiss Hillen, Files, Stoutamyer, Ealey, Brown, Krueger, Miller, Meyer, and Ansell as party Defendants' is **DENIED.**

3. The Sangamon County Defendants' motion to dismiss Counts II and III of the Amended Complaint is **GRANTED.**

4. Accordingly, Counts II and III of Plaintiff's Amended Complaint are **DISMISSED WITHOUT PREJUDICE.**

Entered this 12th day of February, 2024

                                                      s/ Colin S. Bruce
                                                      COLIN S. BRUCE
                                          UNITED STATES DISTRICT JUDGE