E-FILED
Wednesday, 15 July, 2026 10:13:04 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

STARLA SMITH, as Administrator of the Estate of Dylan Schlieper-Clark, and on behalf of his Next of Kin,

Plaintiff,

vs.

Case No. 23-cv-03137

COUNTY OF SANGAMON, et al., CHRISTINA WHEELER, Corrections Officer, COREY HILLEN, Corrections Officer, BRITNEY HICKS, Probation Officer, CHRIS UNTHANK, Corrections Officer, COLLEEN KEROUAC, Sergeant, TRACY BERGAE, Sergeant, BRAD MEYER, Corrections Officer, DAVE FISHER, Corrections Officer, TOM ANSELL, Corrections Officer, TAMMY POWELL, Sergeant, JACK CAMPBELL, Sangamon County Sheriff, WILLIAM SMITH, Assistant Jail Superintendent, JACOB WAYDA, Arresting Officer, CLIFFORD BUSCHER, Arresting Officer, EARL GRIGSBY, Sergeant, ADVANCED CORRECITONAL HEALTHCARE, INC., CARRIE BRADLEY, LPN, and SARAH LEHMANN, Health Services Administrator,

Defendants.

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' *DAUBERT* MOTION TO BAR PLAINTIFF'S EXPERT DR. WESSELY**

Now come Defendants, ADVANCED CORRECTIONAL HEALTHCARE, INC., CARRIE BRADLEY, LPN, and SARAH LEHMANN, by their attorneys, QUINN JOHNSTON, and for their Reply to Plaintiff's Response to their Motion to Bar Plaintiff's Expert Dr. Wessely state as follows:

## I. INTRODUCTION

In her Response to Defendants' Motion to Bar, Plaintiff concedes that opinions 4 and 5 of Dr. Wessely's report are completely improper and functionally withdraws those opinions and any opinions relating to corrections, correctional-medicine, or nursing. Dr. Wessely rubber stamped opinions 4 and 5 despite having absolutely no basis for them. Even considering this, Plaintiff argues that Dr. Wessely's rubber stamp of approval as to the remaining opinions should be honored regardless of the facts that he did not draft the opinions and he clearly approved opinions that he could not support. Plaintiff's argument rings hollow. Plaintiff's Response goes on to argue that Dr. Wessely is properly qualified by education and experience to render his opinions and that he essentially "reviewed enough" of the materials to make them. Plaintiff offers no support for such a contention. In the end, Dr. Wessely's report and opinions are insufficient and without proper basis. Dr. Wessely must be barred.

## II. ARGUMENT

### A. Plaintiff Concedes that Opinions 4 & 5 in Dr. Wessely's Report are Improper and Should be Barred and Concedes that Dr. Wessely Cannot Offer Corrections, Correctional-Nursing, or Nursing Standard of Care Opinions.

In her Response, Plaintiff concedes on multiple occasions that Dr. Wessley is not a correctional-medicine or correctional-nursing specialist and that Plaintiff is not offering Dr. Wessely as an expert to offer opinions in these areas of specialty. Specifically, this concession bars Dr. Wessely's opinions 4 & 5 and any references to correctional, correctional medicine, or nursing standard contained within his report or testimony. It is certainly curious, then, why Plaintiff's counsel included these opinions in the report that he drafted in the first place. Perhaps the AI agent was responsible for that oversight.

Given this concession, opinions 4 & 5 of Dr. Wessely's report must be stricken, and Dr. Wessely must be barred from offering any standard of care opinion, or any opinions at all, in the areas of corrections, correctional medicine, or correctional nursing.

**B. The Report does not comply with Rule 26(a)(2)(B).**

In the Response, Plaintiff doubles down on the premise that "counsel may assist" in the preparation of a Rule 26 report and the fact that Dr. Wessely adopted the opinions and statements therein. However, this argument by Plaintiff conveniently ignores the case law cited within Defendants' Motion to Bar supporting Defendants' position that, when a report is entirely drafted by counsel and merely rubber stamped by the expert, it is improper and subject to being stricken. When counsel 's assistance becomes so intrusive and overwhelming, it cannot be fairly said that the report was "prepared" by the expert. *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 578 (W.D. Tenn. 2009). Consequently, improper expert reports subject to being stricken include reports ghost-written from whole-cloth by counsel, altered or prepared by counsel merely to appease counsel or because of counsel's intimidation or undue influence, or that merely express the opinions of the lawyers who hired the expert. *McClellan v. I-Flow Corp.*, 710 F.Supp.2d 1092, 1118 (D. Or. 2010).

The testimony of Dr. Wessely could not be any clearer. He did not draft a single word of the report, and he does not know where a number of the statements therein even come from. He did not review all of the records that the report is based upon. He simply relied on the representations by counsel and AI and stamped the report. As we now know, he adopted multiple opinions that Plaintiff's counsel concedes Dr. Wessely was not qualified to make (opinions 4 & 5). The "stamp of approval" by Dr. Wessely carries no weight. Worse yet, the report was at least partially drafted by an unidentified, unvetted, AI agent. The Report *unquestionably* fails to

comply with the requirements of Rule 26 and the disclosure, testimony, opinions, and report of Dr. Wessely must be stricken and barred.

**C. Dr. Wessely is Not Qualified, His Report and Opinions are Not Based on Sufficient Facts, and His Opinions are Not the Result of Reliable Principles and Methods.**

In the Response, Plaintiff generally argues that Dr. Wessely is properly qualified to render medical opinions (not correctional or nursing opinions) based upon his licensure as a physician. Though it is true that Dr. Wessely is a physician, he entirely failed to review the pertinent records so as to have a sound basis for his opinions in the case. Plaintiff argues that he "reviewed enough" but fails to put forth any precedent in support of such an argument. An expert cannot cherry pick records to review and then claim to have put forth a reliable opinion while failing to analyze the full record. Plaintiff seeks to submit Dr. Wessely and his report as a completed puzzle while asking this Court, and eventually the jury, to ignore the fact that Dr. Wessely swept a number of the pieces under the rug without considering them.

Dr. Wessely's opinions arise from an incomplete review of the record and a summary of the case generated by Plaintiff's counsel and an unidentified AI agent. His opinions arise from an unfounded extrapolation from the data that he selectively chose to review. Such is insufficient under FRE 702(b). The reliability requirement is not met when the facts relied upon are not sufficient to support the expert's conclusion. *United States v. Mamah,* 332 F.3d 475, 478 (7th Cir.2003) ("It is critical under Rule 702 that there be a link between the facts or data the expert has worked with and the conclusion the expert's testimony is intended to support."); *Heller v. Shaw Indus., Inc.,* 167 F.3d 146, 159 (3d Cir.1999) (upholding district court's exclusion of expert's conclusion because it did not "fit" or reliably flow from the expert's data and methodology); *see also*; *Blanchard,* 207 F.Supp.2d at 320 ("The problem is that Dr. Maltsberger's conclusion was not adequately supported by the data on which he relied."). Where

an expert fails to review the facts or data him or herself, but instead relied upon summary of the information or assumption, the testimony of the expert is properly excluded. *Braun Corp. v. Vantage Mobility Int'l, LLC,* No. 2:06-CV-50-JVB-PRC, 2010 WL 5287484, at *7 (N.D. Ind. June 21, 2010), report and recommendation adopted, No. 2:06-CV-50 JVB, 2010 WL 5279974 (N.D. Ind. Dec. 17, 2010); *see also Lyman,* 580 F.Supp.2d at 726; *Crowley v. Chait,* 322 F.Supp.2d 530, 546–47 (D.N.J.2004) (excluding expert testimony where the expert relied on a summary of information prepared by counsel but failed to review the underlying information); *Montgomery County v. Microvote Corp.,* 320 F.3d 440, 448 (3d Cir.2003) (affirming exclusion of expert testimony, on grounds that the data underlying his opinion was so unreliable that no reasonable expert could base an opinion on it, where the expert relied on a document but did not know the source or basis of the document); *In re TMI Litigation,* 193 F.3d 613, 697–98 (3d Cir.1999) (affirming exclusion of testimony where expert relied on summaries prepared by a party's counsel). Dr. Wessely and his opinions must be barred.

## III. CONCLUSION

The report and opinions of Dr. Wessely do not meaningfully comply with Rule 26 nor with the rules of evidence applicable to expert testimony. As such, the report, opinions, and testimony of Dr. Wessley must be barred.

WHEREFORE, Defendants ADVANCED CORRECTIONAL HEALTHCARE, INC., CARRIE BRADLEY, LPN, and SARAH LEHMANN, respectfully pray the Court to bar any and all testimony by Plaintiff's expert, Dr. Wessely or, in the alternative, bar him from giving any opinions that are not properly set forth in his report and in compliance with Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702, and for such other and further relief as the Court deems just.

ADVANCED CORRECTIONAL HEALTHCARE, INC., CARRIE BRADLEY, LPN, and SARAH LEHMANN, Defendants

By: *s/ Peter R. Jennetten*
QUINN JOHNSTON

Peter R. Jennetten (Illinois Bar No. 6237377)
pjennetten@quinnjohnston.com
James D. VanRheeden (Illinois Bar No. 6321658)
jvanrheeden@quinnjohnston.com
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL 61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

4931-5139-2189, v. 2