E-FILED
Friday, 17 July, 2026 05:20:55 PM
Clerk, U.S. District Court, ILCD

PLAINTIFF'S EXHIBIT 21

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

STARLA SMITH, as Administrator of the Estate of Dylan Schlieper-Clark, and on behalf of his Next of Kin,

Plaintiff,

vs.

Case No. 23-cv-03137

COUNTY OF SANGAMON, et al., CHRISTINA WHEELER, Corrections Officer, COREY HILLEN, Corrections Officer, BRITNEY HICKS, Probation Officer, CHRIS UNTHANK, Corrections Officer, COLLEEN KEROUAC, Sergeant, TRACY BERGAE, Sergeant, BRAD MEYER, Corrections Officer, DAVE FISHER, Corrections Officer, TOM ANSELL, Corrections Officer, TAMMY POWELL, Sergeant, JACK CAMPBELL, Sangamon County Sheriff, WILLIAM SMITH, Assistant Jail Superintendent, JACOB WAYDA, Arresting Officer, CLIFFORD BUSCHER, Arresting Officer, EARL GRIGSBY, Sergeant, ADVANCED CORRECITONAL HEALTHCARE, INC., CARRIE BRADLEY, LPN, and SARAH LEHMANN, Health Services Administrator,

Defendants.

## Carrie Bradley's Answers to Plaintiff's First Interrogatories

Now comes Defendant, CARRIE BRADLEY, by her attorneys, QUINN JOHNSTON, and for her Answers to Plaintiff's First Interrogatories, states as follows:

1. Please state the name, address and phone number of every person who participated in answering these Interrogatories.

**ANSWER:** **Carrie Bradley. Defendant objects to providing her address and phone number as it is irrelevant and disproportionate to the needs of the case. Ms. Bradley can be reached through counsel.**

**Defense counsel assisted in answering discovery.**

2. Identify by name, phone number, and address all persons who have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all persons who are not listed in Defendants' Rule 26 Initial Disclosures, and for each person with knowledge responsive to the previous Interrogatory, please describe with particularity any categories of facts known by each such person relating to the claims or defenses in this action. If you answer this Interrogatory by incorporating documents, please list under oath the identities of any and all additional persons not listed in these documents, or, if there are no such additional persons with knowledge responsive to the Interrogatory, please so state under oath.

**ANSWER:** **Defendant objects that Interrogatory No. 2 is a compound request, is overbroad and overly burdensome and disproportionate to the needs of the case. Defendant further objects to the demand that Defendant answer "under oath" to the extent that it attempts to impose a burden greater than that imposed by the Federal Rules. Defendant objects to the form of the question, as it calls for undue detail and a narrative response. The Federal Rules of Civil Procedure contemplate a reasonable period of time for discovery. See e.g.** ***Lawrence v. First Kansas Bank & Tr. Co.*****, 169 F.R.D. 657, 662–63 (D. Kan. 1996). Interrogatories asking defendant to provide "all" facts place an unreasonable burden upon the party who must answer them.** ***Id*****. at 663. Defendant further objects that the request calls for attorney work product by requiring that the Defendant's counsel identify witnesses and facts that he believes "relate to" the allegations of the complaint and that the request is, at best, a premature and disproportionately complex and overbroad contention interrogatory.**

**Without waiving those objections, individuals with knowledge pertaining to the allegations of the Complaint and defenses asserted**

**are identified in each Party's Rule 26 disclosures and the medical, correctional and investigation records disclosed in this case, including Smith 0001-0298 (produced by Plaintiff), and Medical DEF 000001-000015, 000129-000134 (attached hereto). In addition, see Party's discovery responses.**

**Defendant reserves the right if new information is discovered to supplement this response pursuant to the Federal Rules of Civil Procedure, Federal Rules of Evidence, and any court-ordered scheduling. Defendant incorporates by reference their initial disclosures and all subsequent disclosures, as well as the disclosures of any party in this matter.**

3. For any person who provided you with information about Dylan Schlieper-Clark and/or to whom you provided information about Dylan Schlieper-Clark, identify that person, the nature and substance of the information received/provided, the date on which the information was received/provided, and the names of all persons present when the information was received/provided.

**ANSWER: See Answer to Interrogatory No. 2.**

4. Provide the name of any person who you have reason to believe observed, interacted or communicated with Dylan Schlieper-Clark while Dylan was at the Sangamon County Jail, and provide the dates those individuals observed, interacted or communicated with Dylan Schlieper-Clark, and the current contact information for those individuals.

**ANSWER: See Answer to Interrogatory No. 2.**

5. For any Affirmative Defenses pled in this matter, please describe the entire factual basis or bases supporting those defenses. The information sought by this Interrogatory is not a mere recitation of the statutory sections invoked. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the

defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For instance, if there is any physical, documentary, or testimonial evidence which supports any such defense, please identify it specifically.

**ANSWER:** **Objection. Defendant incorporates the objections set forth in response to Interrogatory No. 2. In addition, Interrogatory No. 5 seeks information which is protected from disclosure pursuant to the work product and attorney-client privileges.**

**Without waiving said objections, Defendant stands on any affirmative defenses it may assert.**

6. With regard to every civil and/or criminal lawsuit in which you have participated as a party, for each state:

a) The case number and title of case;

b) The name of the opposing party and their attorney;

c) The incident which formed the basis for the complaint and the specific allegations regarding your conduct;

d) The status of the suit; and

e) If resolved, the disposition.

**ANSWER:** **Defendant objects to Interrogatory No. 6 as it is overly broad, not limited in time or scope to the incidents complained of. In addition, it is neither relevant nor reasonably calculated to lead to relevant evidence and is disproportionate to the needs of the case. Further, lawsuits in federal or state courts are public record, and accessible to Plaintiff.**

**Without waiving said objections, none other than this case.**

7. For each employment you have had since 2013, state the job title, name and address of employer, name of immediate supervisor, length of time at the job, and each reason for leaving the job.

**ANSWER:** **Defendant objects to Interrogatory No. 7 as it is overly broad, not limited in time or scope to the incidents complained of. In addition, it is neither relevant nor reasonably calculated to lead to relevant evidence and is disproportionate to the needs of the case. Without waiving said objections, regarding to the claims in this matter, Ms. Bradley was employed by Advanced Correctional Healthcare from 2017-2019, then USA Medical Staffing 2019-2024 working at Sangamon County Jail as an LPN.**

8. State if you provided direct care to Dylan Schlieper-Clark at Sangamon County Jail and specify the time, date, place and nature of each instance of care that was provided.

**ANSWER:** **Defendant objects to Interrogatory No. 8 as it is overly broad and disproportionate to the needs of the case. The term "direct care" is undefined. Without waiving said objection, see Dylan Schlieper-Clark's medical records and investigation documents and videos produced by Plaintiff.**

**Carrie Bradley is an LPN. During the time that Dylan Schlieper-Clark was in the jail, Nurse Bradley worked the night shifts Wednesday and Thursday night (4/13/22 - 5:00p – 4/14/22 – 5:45a and 4/14/22 – 5:45p – 4/15/22 – 5:45a). See Progress Note authored by Nurse Bradley (Medical DEF 000001-000004), and incident report and investigation documents produced by Plaintiff.**

9. During the month of April 2022, identify any interactions or communications that you had with Dylan Schlieper-Clark or if you received any information regarding Dylan Schlieper- Clark.

**ANSWER:** **See Answer to Interrogatory No. 8.**

10. Describe all training you received from Advanced Correctional Healthcare, Inc. or Sangamon County regarding providing medical care to detainees and detainees experiencing meningitis, MRSA and/or other serious medical issues, including breathing issues, severe headaches, neck pain, writhing in pain, flailing in pain, and

foaming at the mouth. For each, include the dates of the training, who provided the training, where the training occurred and whether any materials were presented or distributed as part of the training.

**ANSWER:** **Defendant objects to Interrogatory No. 9 as it is over broad and assumes facts not in evidence. Without waiving said objection, Nurse Bradley was appropriately licensed as practical nurse and receive training necessary to obtain and maintain her license. Additional training is evidenced in the Nurse Bradley's personnel files and transcript. See Medical DEF 000016-000079 and 000144-000152.**

11. Describe the procedures you are to follow when encountering an individual who appears to be in need of medical care and/or experiencing meningitis or MRSA symptoms and the source for your understanding for these procedures.

**ANSWER:** **Defendant objects to Interrogatory No 11 as overly broad and assumes facts not in evidence. Without waiving said objection, Nurse Bradley exercises her professional judgment and acts in accordance with her licensure, training and experience. In addition, Nurse Bradley operates within the policies and procedures of the Sangamon County Jail.**

**Additional information may exist, which would be in the possession of and under the control of Sangamon County Jail, not this Defendant.**

12. Have there ever been any detainee grievances, complaints and/or allegations made against you in the last five years alleging failure to protect, denying medical attention, falsifying reports and/or similar allegations? If yes, for each complaint, identify the person(s) who made the complaint and the conduct complained of, together with the file number, the substance of the complaint, and the outcome.

**ANSWER:** **Defendant objects to Interrogatory No. 12 as it is not limited in time or scope to the events complained of and is disproportionate to the needs of the case. In addition, it requests information which is**

**neither relevant nor likely to lead to the discovery of admissible evidence. Further, it is impossible to identify each and every grievance that may have been submitted by detainees regarding Nurse Bradley. Grievances are under the control of and in the possession of Sangamon County Jail.**

**Notwithstanding said objections and without waiving same, see Answer to Interrogatory No. 6.**

13. Provide the names of any and all supervisors and medical staff/providers on site at Sangamon County Jail during the month of April 2022 and the dates on which they were there and specify if any of these staff had interactions or communications with Dylan Schlieper-Clark or if they received any information regarding Dylan Schlieper-Clark.

**ANSWER: Defendant objects to Interrogatory No. 8 as it is overbroad, disproportionate to the needs of the case and the term "received any information" is undefined. Further, it calls for a narrative response. Without waiving said objection:**

**Carrie Bradley is an LPN. During the time that Dylan Schlieper-Clark was in the jail, Nurse Bradley worked the night shifts Wednesday and Thursday night (4/13/22 - 5:00p – 4/14/22 – 5:45a and 4/14/22 – 5:45p – 4/15/22 – 5:45a). See Progress Note authored by Nurse Bradley (Medical DEF 000001-000004), and incident report and investigation documents produced by Plaintiff.**

**Sarah Lehmann is an LPN. Nurse Lehmann was the Health Services Administrator at the Sangamon County Jail. During the time that Dylan Schlieper-Clark was in the jail, she worked on 04/14/22 from 06:00p – 08:15p. Defendant believes that she did not have any interaction with Dylan Schlieper Clark during the April 2022 incarceration.**

**Suzzett McCarty, RN. During the time that Dylan Schlieper-Clark was in the jail, Nurse McCarty worked the day shift on Thursday (04/14/22 – 05:15a – 07:30p). Defendant believes that she did not have any interaction with Dylan Schlieper Clark during the April 2022 incarceration.**

**In addition, see Defendants' Rule 26 Disclosures.**

14. Were you ever personally consulted about Dylan Schlieper-Clark? If so, please identify each and every person with whom you consulted, state the approximate date of the communication, described the contents of the communication, and state whether any record exists of the communication and, if so, in what form.

**ANSWER: See Answer to Interrogatories No. 8, 9 and 13.**

15. Identify any and all efforts made to determine whether Dylan Schlieper-Clark should have ever received a transfer from the Sangamon County Jail, including any person involved in each such effort, the date each such effort was made, and any documents reflecting or recording each such effort.

**ANSWER: See medical, correctional and investigation records, including Medical DEF 000002-000004, and Smith 0002-0003, 0288-0289.**

16. Identify and describe any and all services provided to Dylan Schlieper-Clark by you or any of Advanced Correctional Healthcare, Inc.'s employees/agents, including any person involved in each such effort, the date each such effort was made, and any documents reflecting or recording each such effort.

**ANSWER: See medical, correctional and investigation records, including Medical DEF 000002-000004, and Smith 0002-0003, 0288-0289.**

17. Were you involved in selling Advanced Correctional Healthcare, Inc.'s services to the Sangamon County Sheriff and/or Sangamon County? If so, identify any sales meetings that you had with the Sangamon County Sheriff and/or Sangamon County, and the date, time and content of any sales communication you made to the Sangamon County Sheriff and/or Sangamon County.

**ANSWER:** **Defendant objects to Interrogatory No. 17 as it is vague, not limited in time or scope to the events complained of and is disproportionate to the needs of the case. Further, the term "involved in selling" is undefined. Without waiving said objections, Nurse Bradley was not involved in Sangamon County Jail contracting with ACH.**

CARRIE BRADLEY, Defendant

By: *s/ Peter R. Jennetten*
QUINN JOHNSTON

Peter R. Jennetten (Illinois Bar No. 6237377)
pjennetten@quinnjohnston.com
James D. VanRheeden (Illinois Bar No. 6321658)
jvanrheeden@quinnjohnston.com
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL 61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

**Verification Pursuant to 28 U.S. Code § 1746**

Under Penalties provided by law pursuant to S 28 U.S. Code § 1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be no information or belief and as to such matters the undersigned certifies as aforesaid that she verily believes them to be true.

11/7/2025

Date

DocuSigned by:

EAB0643A9C624C7...

Carrie Bradley

## CERTIFICATE OF SERVICE

I hereby certify that on **November 17, 2025**, I served Carrie Bradley's Answers to Plaintiff's First Interrogatories via email as indicated below:

***Attorney for Plaintiff***
Thomas R. Applewhite
906 Olive Street, Suite 1110
St. Louis, Missouri 63101
tom.applewhite@da-lawfirm.com

***Attorneys for Jacob Wayda and Clifford Buscher***
Steven C. Rahn
Nicholas Correll
Robert Hogue
City of Springfield
Room 313 Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
steven.rahn@springfield.il.us
Nicholas.correll@springfield.il.us
Robert.Hogue@springfield.il.us
Paige.Kennedy@springfield.il.us

***Attorney for Sangamon County Defendants***
Dylan P. Grady
Scott B. Sievers
Veronika J. Miles
BROWN, HAY & STEPHENS, LLP
205 S. Fifth Street, Suite 1000
P.O. Box 2459
Springfield, IL 62705-2459
dgrady@bhslaw.com
ssievers@bhslaw.com
vmiles@bhslaw.com
khartman@bhslaw.com

*s/ Peter R. Jennetten*
Peter R. Jennetten (Illinois Bar No. 6237377)
pjennetten@quinnjohnston.com
James D. VanRheeden (Illinois Bar No. 6321658)
jvanrheeden@quinnjohnston.com
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL 61602-1211

4902-5526-9190, v. 2